FILED
NOV 08 2002 CCM
LARRY W. PROPES, CLERK
CHARLESTON, SC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

**MARK JEFFERY DEOGBURN**, by and and thru his natural parent and guardian, Kathryn Deogburn, **RACHEL GOLDSTEIN**, by and thru her natural parent and guardian, Thomas Goldstein, **AUSTIN CHANDLER KILPATRICK**, and **CHRISTOPHER SEAN KILPATRICK** by and thru their natural parent and guardian, Donald Stokes and Carol Hahn Kilpatrick, **ANNA MARKOWITZ**, by and thru her natural parents and guardians, John and Margot Markowitz, and **LOU MINTZ**, taxpayer, **CLARK HOBBIE**, taxpayer, and others similarly situated,

Plaintiffs,

vs.

CHARLESTON COUNTY SCHOOL BOARD,

Defendants.

Case No.: 2: 02: 3680: 08

**AMENDED COMPLAINT**
**DECLARATORY JUDGMENT ACTION**
**(Injunctive Relief Requested)**

Plaintiffs, above named, complaining of the Defendant herein, respectfully allege as follows:

## THE NATURE OF THE CASE

1. This is an action by residents and taxpayers of Charleston County, South Carolina for declaratory and injunctive relief to enforce the provisions of the South Carolina and United States Constitutions guaranteeing their rights to due process and equal protection of the laws with respect to the selection of students for admission to Buist Academy, a public, academic magnet school located in Charleston County.

3

2. This action is brought pursuant to Section 15-53-10, et seq., of the South Carolina Code of Laws, 1976, as amended, known as the "Uniform Declaratory Judgments Act."

3. This action is also brought pursuant to 42 U.S.C. Section 1983, as the plaintiffs have been deprived of rights and privileges secured by the United States and South Carolina Constitutions.

4. That distinctions between citizens solely because of their ancestry are by their very nature odious to a free people whose institutions are founded upon the doctrine of equality.

5. That it demeans the dignity and worth of a person to be judged by his ancestry instead of by his or her own merit.

**PARTIES**

6. Plaintiff Kathryn Deogburn is a registered voter and taxpayer living in the West Ashley area of Charleston County, South Carolina. Ms. Deogburn is also the parent of an eighth-grade child, Mark Jeffery Deogburn attending public school in the Charleston County School District. For the past eight years, Ms. Deogburn's son has been denied admission to Buist Academy, a Charleston County School District countywide academic magnet school, which is located in peninsular Charleston. The application of Ms. Deogburn's son was handled in a discriminatory manner because of her son's race-ethnicity as the result of the racial balancing quotas in the selection process for admission to Buist Academy.

7. Plaintiffs Lou Mintz and Clark Hobbie are registered voters and taxpayers living in the East Cooper area of Charleston County, and are now before the Court because they object to the use of public funds to support a public institution in Charleston County that applies a selection process for admission which discriminates on the basis of race, ethnicity and location of residency within Charleston County.

8. Plaintiff Thomas Goldstein is a registered voter and taxpayer living in the West Ashley area of Charleston County, South Carolina. Mr. Goldstein is also the parent of a daughter, Rachel Goldstein attending public school in the Charleston County School District. When Rachel Goldstein applied for admission to Buist Academy for Kindergarten, she was denied admission to Buist Academy despite being otherwise qualified, Rachel Goldstein was continually denied admission yearly for the next five school years. The application of Rachel Goldstein was handled in a discriminatory manner because of her race-ethnicity as the result of the racial balancing quotas of the admission selection process for Buist Academy.

9. Plaintiff's John and Margot Markowitz are a married couple, registered voters and taxpayers living in the East Cooper area of Charleston County, South Carolina. Mr. and Mrs. Markowitz are also the parents of a daughter, Anna Markowitz, aged 6. Anna applied for admission to Buist Academy for Kindergarten. Anna was denied admission to Buist Academy. The application of Anna was handled in a discriminatory manner because of her race-ethnicity as the result of the racial balancing quotas of the admission selection process for Buist Academy.

10. Plaintiffs Donald Stokes Kilpatrick and Carol Hahn Kilpatrick are a married couple, residents of the West Ashley area of Charleston County, South Carolina, registered voters and tax payers. Mr. and Mrs. Kilpatrick are also the parents of a son, Austin Chandler Kilpatrick, age 5 ½, born on 8-16-97, and of another son, Christopher Sean Kilpatrick, age 13, born on 6-7-89. That Mr. And Mrs. Kilpatrick's son, Austin Chandler Kilpatrick applied for admission to Buist Academy for Kindergarten, but was denied admission. The application of Austin Chandler Kilpatrick was handled in a discriminatory manner because of his race-ethnicity, as the result of the racial balancing quotas of the admission selection process for Buist Academy. That Mr. and Mrs. Kilpatrick's son, Christopher Sean Kilpatrick also applied for admission to

Buist Academy for Kindergarten and was also denied admission to Buist Academy. The application of Christopher Sean Kilpatrick was handled in a discriminatory manner because of his race-ethnicity as the result of the racial balancing quotas of the selection process for Buist Academy.

11. Plaintiffs are before the court as the race, ethnic and geographically based admissions process for Buist Academy is a question of exceptional importance to the taxpayers and citizens of Charleston County.

12. Defendant Charleston County School Board is a body corporate and politic of Charleston County, South Carolina, established under the laws of this State. It performs various governmental functions as prescribed by law, including but not limited to making of budgetary and operational decisions for the public school system in Charleston County and operates as the Board of Trustees for the Charleston County School District. Defendant has created, adopted, and implemented the admissions criteria for Buist Academy.

**FACTS**

13. In 1985, the Charleston County School Board created the Buist Academy for Advanced Studies.

14. Buist Academy's student selection and admissions process is constitutionally violative in that it is governed by the Charleston County School Board's special policy providing that the goal of this admissions process is to achieve "a racial goal of 60-40 majority/minority at the school."

15. Specifically, the selection process for Buist Academy is as follows:

> Kindergarten applications are entered into two separate computer files - - one for non-minority and one for minority (which includes Black, Hispanic, Asian/Pacific Islander and American Indian/Alaskan Native). Three separate lotteries are

performed for minority and non-minority applicants. For each group (i.e., minority siblings; minority District 20, all minority applicants, non-minority siblings, non-minority District 20, and all non-minority applicants), the numbers which applicants were assigned are randomly reordered by a special computer program, and these new numbers are assigned to applicants. Thus, applicants are "reshuffled" on each of the six lists.

This policy categorizes students into strict racial and ethnic categories weighted differently for purposes of desirability for admission, as follows:

Whites: The student has origins in any of the original peoples of Europe, North Africa, or the Middle East (not of Hispanic origin);
Black: The student has origins in any of the original racial groups of Africa (not Hispanic);

Hispanic: The student is a person of Mexican, Puerto Rican, Cuban, Central or South American, or other Spanish cultural origin - regardless of race;
American Indian/Alaskan Native: The student has origins in any of the original peoples of North America and maintains cultural identification through affiliations or community recognition; and

Asian/Pacific Islander: The student has origins in any of the original peoples of the Far East, Southeast Asia, the Pacific Islands, or Indian subcontinent. This area includes, for example: China, India, Japan, Korea, the Philippine Islands, and Samoa.

Applicants are put in differently weighted lotteries for admission based on which of the above racial or ethnic categories they are deemed to belong to.

16. Applicants are also put in differently weighted lotteries for admission based on where they live in Charleston County.

17. The above racial and ethnic quotas are not narrowly tailored to achieve any alleged compelling state interest in that the Charleston County School Distrit has no history of systemic discrimination against Hispanics, American Indians-Alaskan Natives, Asian/Pacific Islanders as defined in the Buist Admission criteria. Thus, for this and other reasons, this admissions policy cannot be said to be narrowly tailored to serve *any* legitimate governmental interest, much less a compelling one. Such non-remedial racial and ethnic balancing is unconstitutional.

18. The racial and ethnic quotas in the selection process for Buist Academy discriminate against otherwise qualified applicants whose ancestors are defined by the Buist quota policy as allegedly having origins in any of the original peoples of Europe, North Africa, or the Middle East (not of Hispanic origin). Those applicants who fall into this category are put into a weighted lottery for admission that greatly reduces their chances of admission solely because of their race. Plaintiff Deogburn, the parent of such an applicant has repeatedly been denied admission to Buist, contends that the magnet school program provides special benefits that are distinct from Charleston County's general education program. Because of his race and the application of the racial quota, however, her child, like numerous other children in Charleston County, has been denied the special benefits of the magnet school program, in whole or in part, on account of his race and in violation of the equal protection clause of the Fourteenth Amendment.

19. This is a true and actual controversy between the parties. Plaintiffs have no adequate remedy at law other than this action for declaratory and injunctive relief under the applicable federal statutes and constitutional tenants. Plaintiffs, as registered voters and taxpayers of Charleston County, are suffering irreparable harm as a result of the inequitable system now in place and will continue to so suffer until the student selection process at issue is declared unlawful and eliminated.

20. That in addition to the unconstitutional and violative racial quotas in the selection process for Buist Academy, the selection process for Buist Academy, a county wide magnet school, also discriminates against applicants from East of the Cooper, West Ashley and North Charleston by placing the applications of applicants from East Cooper, West Ashley and North Charleston into differently weighted lotteries from those from Peninsular Charleston, and treating

those applicants from East Cooper, West Ashley and North Charleston in a discriminatory manner.

**FOR A FIRST CAUSE OF ACTION**
**VIOLATIONS OF SOUTH CAROLINA CONSTITUTION**
**(ARTICLE I, § 3)**

21. The Plaintiffs hereby reallege and incorporate paragraphs 1 through 20 of this complaint as if set forth fully herein.

22. In setting the admissions policy of Buist Academy, the Charleston County School Board and its agents are bound by the equal privileges and immunities clause of the South Carolina Constitution. Thus, the admissions standards must not be arbitrary, but must bear at least a rational relationship to the duties of the office. Here, however, as these policies involve suspect classifications, they must withstand a strict scrutiny analysis.

23. The Buist Academy selection policy places applicants into differently weighted lotteries for admission based on an applicants skin color and ethnicity; is not narrowly tailored to achieve any compelling state interest; is to continue indefinitely; is inflexible; engages in improper racial balancing; and burdens innocent third parties by requiring school children to identify themselves by race or ethnicity. Thus, its application has resulted in a violation of the Plaintiffs' rights as guaranteed by Article I, Section 3 of the South Carolina Constitution.

24. That the ancestry and racial inquiry into an applicant's background as mandated by the selection process for Buist Academy is forbidden by the Equal Protection Clause of the State of South Carolina Constitution.

**FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**RIGHT TO EQUAL PROTECTION**

25. The Plaintiffs hereby reallege and incorporate paragraphs 1 through 24 of this complaint as if set forth fully herein.

26. The Buist Academy selection policy places applicants into separate applicant pools based on that applicants skin color and ethnicity; is not narrowly tailored to achieve any compelling state interest; is to continue indefinitely; is inflexible; engages in improper racial balancing; and burdens innocent third parties by requiring school children to identify themselves by race. Thus, its application has resulted in a denial of the Plaintiffs' rights as guaranteed by the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

27. That the ancestry and racial inquiry into an applicant's background as mandated by the selection process for Buist Academy is forbidden by the Equal Protection Clause of the Fourteenth Amendment of the United State Constitution.

**FOR A THIRD CAUSE OF ACTION**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**RIGHT TO DUE PROCESS**

28. The Plaintiffs hereby reallege and incorporate paragraphs 1 through 27 of this complaint as if set forth fully herein.

29. The racial balancing goal and the terms of the admissions policy are also unconstitutionally vague and violate the Due Process Clause of the United States and South Carolina constitutions because they do not provide an objective basis for the use of terms such as "original peoples" and "original racial groups" and do not provide fair notice to those to whom the law applies.

30. That the selection process for admission into Buist Academy is impossibly vague in that it literally bases admission now in the year 2002, and has since 1985, on where an

applicant's ancestors lived in prehistoric times, among the "original peoples" of certain defined geographic areas, a fact that no applicant can possibly know with certainty.

31. The vagueness of this policy and its application of the "40% minority quota" to the numerous racial and ethnic groups listed above allows for manipulation and has been manipulated by those individuals able to control the system.

32. The Defendant's public advertisements soliciting applicants for admission to Buist Academy deliberately and deceptively do not mention and describe the racial, ethnic and geographic quotas for admission.

33. The application of the admissions selection policy at Buist Academy has resulted in unlawful discrimination against the Plaintiffs and citizens of Charleston County and is violative of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

WHEREFORE, Plaintiffs pray that Court inquire into the matters alleged herein, and

1) issue an immediate injunction prohibiting defendant from continuing to apply an unconstitutional method of accepting students to Buist Academy;

2) issue an order requiring defendant to take immediately action to correct the inequities resulting from the application of the Buist Academy admissions policy and student selection process to the residents of Charleston County;

3) rule the Buist Academy admission policy unconstitutional and order the elimination of the race-based quota system;

4) alternatively, pending the resolution of this claim issue an order requiring the Charleston County School District to publicly proclaim the racial, ethnic and geographic quota system that governs the selection process for admission to Buist Academy in its advertisements; and

5) make the required S.C. Code §15-77-300 findings and award reasonable attorney fees and costs to plaintiffs under either this state statute or 42 U.S.C. §1988.

LAWRENCE C. KOBROVSKY
Post Office Box 1726
Charleston, SC 29402-1726
(843) 853-3703
Attorney for Plaintiffs

Charleston, South Carolina

November 8th, 2002

G:\Mintz v. Charleston School(02-1564)\Pleadings\Amended Complaint.11-6-02.wpd